**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0068n.06

No. 17-3966

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| BASISTA HOLDINGS, LLC; DAVID J. LEWIS, | ) ) ) | **FILED** Feb 09, 2018 DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) ) | **ON APPEAL** FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| ELLSWORTH TOWNSHIP; MICHAEL P. KURILLA, JR.; DIANE DUDEK; KURT MORRISON; FRED HOUSTON; FRED SCHROCK; ISHRAQ HAFIZ; MARY ANN STACK; WAYNE SARNA; WILLIAM SPELLMAN; RICK DURKIN, | ) ) ) ) ) ) ) ) | **OPINION** |
| Defendants-Appellees. | ) ) | |

**BEFORE: NORRIS, SUHRHEINRICH, and GRIFFIN, Circuit Judges.**

**PER CURIAM.** This appeal arises from a zoning dispute involving a property located on State Route 45 in Ellsworth Township, Mahoning County, Ohio. The substantive issue litigated below centered on whether the entire property should be zoned for industrial use, as its owner, plaintiff Basista Holdings, LLC, contended. The details of that dispute can be found in our opinion on the merits, *Basita Holdings, LLC v. Ellsworth Twp.*, 2017 WL 4534808 (6th Cir. Oct. 11, 2017), which affirmed judgment in favor of the defendants. The sole issue in this appeal is whether the district court erred in awarding attorney's fees in the amount of $9,806.00 to defendants.

In their motion for attorney's fees, defendants limited their request to fees incurred after submission of their motion for summary judgment on October 19, 2015. According to

defendants, the motion for summary judgment clearly established, as the district court and this court later held, that plaintiffs' § 1983 claim was barred by the two-year statute of limitations. As the district court subsequently noted in an Order dated April 28, 2017:

> Plaintiffs continued to file "baseless and frivolous" motions in this case and two [related] ongoing state cases. These filings included seven motions in federal court, five of which required Defendants' responses. In particular, Defendants highlight Plaintiffs' delay in responding to their Motion for Summary Judgment.

Order at 2; (Page ID 1615.) Plaintiffs did not file their brief in opposition to summary judgment until June 2, 2016. The district court granted summary judgment to defendants on August 31, 2016.

The motion for attorney's fees at the heart of this appeal was filed on September 28, 2016. The motion sought fees pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and 42 U.S.C. § 1988. Plaintiffs failed to respond to this motion in a timely fashion although they later sought to be excused from their oversight under Fed. R. Civ. P 60(b).

On April 28, 2017, the district court granted the motion for attorney's fees but ordered defense counsel to "file with the Court a full and complete record of the billable time charged by the separate attorneys and law clerks for the prosecution and pursuit of Defendants' Motion for Summary Judgment." (Page ID 1616.) Defense counsel complied with this order and the district court issued a second order granting attorney's fees in the amount of $9,806.00.

The parties agree that this court typically reviews the award of attorney's fees for an abuse of discretion, but defendants argue that plaintiffs' failure to respond in a timely manner to their motion for attorney's fees renders our review one for plain error. We need not resolve this dispute because we detect no abuse of discretion.

The award of attorney's fees in the amount of $9,806.00 is **affirmed**.